[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14255
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00069-PGB-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA BREWER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Joshua Brewer appeals his 24-month sentence, imposed above the advisory

guideline range and at the statutory maximum, following revocation of his

supervised release.  When his probation officer filed a petition for a warrant for Brewer's arrest, he alleged that he had committed five violations of his supervised release: (1) he engaged in new criminal conduct by committing domestic battery, striking the victim and causing injury, in violation of Florida Statute § 784.03(1) ("Violation 1"); (2) he engaged in new criminal conduct by operating a vehicle with a driver's license that was suspended, cancelled or revoked, in violation of Florida Statute § 322.34(2) ("Violation 2"); (3) he violated a condition of supervised release by associating with a known convicted felon, and the two were arrested ("Violation 3"); (4) he engaged in new criminal conduct by attempting to return stolen merchandise for money to two Target stores on three occasions and was charged with dealing in stolen property, in violation of Florida Statute § 812.019(1) ("Violation 4"); and (5) he engaged in new criminal conduct by committing theft without detection at a Target store and was charged with first-degree petty theft, in violation of Florida Statute § 812.014(2)(e) ("Violation 5"). The district court concluded that Brewer admitted guilt to Violations 1 and 2, found him guilty of Violation 3, and dismissed Violations 4 and 5.  On appeal, Brewer argues that: (1) the district court procedurally erred by dismissing -- and then relitigating without notice -- Violation 3, by relying on clearly erroneous facts to determine his sentence, and by imposing an upward departure without notice to

2

the parties; and (2) his sentence was substantively unreasonable.  After careful review, we affirm.

We review a sentence imposed upon the revocation of supervised release for reasonableness, United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  When sentencing objections are raised for the first time on appeal, we consider them under the plain error doctrine.  United States v. Garrison, 133 F.3d 831, 848 (11th Cir. 1998).  To establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If all three conditions are met, we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  "An error is plain if it is obvious and clear under current law."  United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).  Thus, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  The party challenging a sentence bears the burden of proving the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  If a defendant violates a condition of supervised release, a court may, after considering certain factors set forth in § 3553(a), continue supervised release or revoke the sentence of supervised release and resentence the defendant. 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).  A sentencing court may properly consider a defendant's acquitted conduct if the government proves the conduct in question by a preponderance of the evidence.  United States v. Culver, 598 F.3d 740, 752 (11th Cir. 2010).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We may conclude there was an abuse of discretion if the district court (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) commits a clear error of judgment in balancing the sentencing factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Where a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance. United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012). A sentence outside the guidelines carries no presumption of unreasonableness. Irizarry v. United States, 553 U.S. 708, 714-16 (2008).

First, we are unpersuaded by Brewer's claim that the district court committed plain error by imposing a procedurally unreasonable sentence.[2] Brewer begins by arguing that the district court procedurally erred by dismissing Violation

---

[2] We find no merit to Brewer's argument that his claims of procedural error were properly preserved. The record shows that he objected only to the substantive reasonableness of his sentence, and thus, his procedural error claims are subject to plain error review. See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).

3 -- associating with a known convicted felon -- when it affirmed and adopted the magistrate judge's report recommending dismissal, and then erred when, a week later, it relitigated the factual basis of the allegation without notice to the parties. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), a district court may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit its proposed findings of fact and recommendations for disposition and:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

The Federal Rules of Criminal Procedure provide that a defendant at a revocation hearing is entitled to written notice of his alleged violation; disclosure of evidence against him; an opportunity to appear, present evidence, and question adverse witnesses; notice of his right to appointed counsel; and an opportunity to make a statement and present any mitigation information.  Fed. R. Crim. P. 32.1(b)(2).

Here, the district court's decision to reconsider the allegations of Violation 3 without notice to the parties does not amount to plain error.  It is true that the magistrate judge made its recommendations after a "final revocation hearing," and the district court's order adopting those recommendations in their entirety

following a <u>de novo</u> review of the record satisfied the requirements for a final determination of revocation. <u>See</u> 28 U.S.C. § 636(b)(1)(C).  However, the district court's order also set out a date for a subsequent hearing, prior to issuing a final judgment, to "show cause" why supervised release should not be revoked, indicating that the district court had not made a final determination.

But even if this order did not provide sufficient notice of the court's intent to hear additional arguments or evidence concerning Violation 3, the error, if any, did not affect Brewer's substantial rights.  As the record reveals, he admitted guilt to Violations 1 and 2, and each were sufficient for revocation of his supervised release.  In addition, the addition of Violation 3 did not alter the advisory guideline range, and Brewer admitted to the underlying conduct of associating with a convicted felon who was engaged in criminal activity.  As a result, that conduct could be considered in sentencing without a formal adjudication of guilt.

Brewer also argues that the district court plainly erred in determining his sentence based on facts that were clearly erroneous -- specifically, that it relied, in part, on Violations 4 and 5, even though those violations had been dismissed.  However, he has not shown that the district court relied on clearly erroneous facts.  Although the district court noted that Brewer had been charged with five violations of his supervised release within a short time span, it specifically stated that it would not consider the two dismissed violations in sentencing.

Nor do we find merit to his claim that, in sentencing him, the district court imposed an upward departure without notice to the parties. The Federal Rules of Criminal Procedure rule concerning "Sentencing and Judgment" provides that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). The Supreme Court has held, however, that the notice requirement of Rule 32(h) applies only to departures, and does not apply to variances. Irizarry, 553 U.S. at 714-16 (2008). The Supreme Court has defined "departure" as "a term of art under the Guidelines" and stated that it "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Id. at 714. To determine whether the district court applied a departure under the guidelines or a variance under the § 3553(a) factors, we consider "whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate." United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009). In Kapordelis, we held that the district court imposed a variance because (1) it did not cite to a specific guideline departure provision and (2) its rationale was based on the § 3553(a) factors and a finding that the guidelines were inadequate. Id.

In this case, the district court imposed a variance, not a departure. Although the district court said that it was "departing" from the advisory guideline range, it did not cite to a specific guideline departure provision, and the rationale the district court provided was based on the § 3553(a) factors and a finding that the guidelines were inadequate in this instance. Thus, the district court was imposing a variance, and, consequently, was not required to provide notice to the parties.

We also reject Brewer's claim that the district court's sentence -- above the guideline range and at the statutory maximum -- was substantively unreasonable. He says that the only compelling justification the court provided for the upward departure was Brewer's criminal history, which was already accounted for in the advisory sentencing guidelines, and that the upward departure was affected by the procedural errors he has raised on appeal. Chapter Seven of the Sentencing Guidelines Manual contains policy statements regarding violations of conditions of supervised release that are merely advisory, but that the district court is nevertheless required to consider. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006); see also U.S.S.G. Ch. 7, Pt.A, 1. According to the policy statements in Chapter Seven, the court should punish the defendant's "breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Id. at Ch. 7, Pt.A, 3(b).

9

For starters, Brewer's sentence is not presumptively unreasonable because it was imposed above the guideline range. Moreover, contrary to the defendant's assertions, the district court expressed compelling reasons for imposing a higher sentence. As the record shows, Brewer's criminal history is substantial -- he has prior convictions for bank fraud; identity theft; grand theft motor vehicle; criminal trespass; passing counterfeit checks; trafficking in a controlled substance; and four forgery convictions. Not only is criminal history a relevant consideration despite its use in calculating the guideline range, but his particular criminal history is notable for several reasons: first, for its length and the seriousness of his offenses, and, second, for his repeated failures to abide by the terms of supervised release or other requirements imposed by the court, which indicates a repeated breach of trust on the part of the defendant.

Additionally, Brewer's violations of supervised release in the instant case, even without the dismissed allegations, were serious. Although his battery charge was reduced from a felony to a misdemeanor, it is a violent offense. Brewer also admitted to driving without a valid license after his was suspended. What's more, regardless of whether the district court properly found Brewer had committed Violation 3, Brewer admitted at sentencing to associating with a convicted felon while that felon was engaging in criminal activity. These factors indicate a need to deter future criminal behavior and protect the public from future crimes.

In short, because of Brewer's history of failure in supervised release, it was not unreasonable for the district court to consider his likelihood of future success in supervised release to be low or for the court to eliminate supervised release and impose, instead, a longer prison sentence.  Finally, Brewer has failed to show that the district court did not consider significant relevant factors, gave significant weight to an improper or irrelevant factor, or committed any other clear error of judgement.

**AFFIRMED**.